## BELL, vs. JAMES.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action on an award made in the state of Kentucky, in consequence of a submission entered into by the plaintiff and defendant, to refer the decision of their differences to certain persons therein named.

By the terms of the submission, the award of the arbitrators was to be under their hand and *seal*, or if they could not agree, under the hand and seal of one of them, and the hand of the umpire they might choose.

The arbitrators did agree, but did not make their award under seal. The district judge

If the submission be to an award under the hands and seals of the arbitrators, the seals are essential.

was of opinion, that as the award was not un-

der the seals of the arbitrators, it could have
no binding effect; that it was a condition of
the submission, and could not be dispensed
with.

We give an entire assent to the conclusion to
which the court below came, and to the reason-
ing on which that conclusion was founded.    A
great deal has been addressed to the court, on
the unimportance of the formality.   It has been
urged that it could have given no more value or
force to the decision of the arbitrators; that it
was not intended to have any by the parties, the
word seal being thrown into the submission
by accident or inadvertence; that the defect, if
it be one, is caused by the parol evidence in-
troduced, shewing the award to have been real-
ly made as stated in the petition; and finally,
that such technicalities are the disgrace of the
law, and that the court ought to disregard
them.

If these technicalities be the disgrace of the
common law and the laws of Kentucky, the
arguments used might perhaps be advanta-
geously addressed to the legislature of that
state to induce it to change them; but they
are entirely out of place in a court of justice,

whose duty is *jus dicere*, not *jus dare*. And more particularly, to a court called on to pronounce on a contract made in another country, which must be construed in relation to the laws of that country. If the agreement was not binding where it was made, it cannot become so by being brought into this state, and we should feel we were doing a very wrong thing, to render any other judgment than that which we believe would be given by the tribunals of the state where the parties contracted. Now the defendant shews us a case decided in the supreme court of Kentucky, where, under a similar submission to that made here, it was held, that if the award was not under seal, it was bad. And he has referred us to several other authorities from the common law, that such a variance between the submission and decree of the arbitrators, renders the latter void and of no effect. We have no doubt, therefore, that if the action had been brought on this award, in the state where it was made, that it could not have been maintained; and with this conviction, we cannot give effect to it here. The arguments of the plaintiff, that all this is unmeaning formality, that it is the offspring of a dark age, and un-

worthy of the light of this, furnishes no reason why this court can decide differently. We can take no such liberty with the laws and jurisprudence of our sister states. They are the best judges of what suits themselves; and if their citizens come here to litigate their claims on contracts made at home, arguments about the defects of their own laws, and their absurd technicalities cannot be listened to by us.— *Harden's Rep.* 201. *Bac. Ab. vol.* 1, 217.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Preston* for the plaintiff, *Whittclsey* and *Hawes* for the defendant.